IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **KENNETH C. CRAWFORD**, Individually, and as Guardian and Next Friend of **KENNETH C. CRAWFORD, JR.**<br>7308 Willey Road<br>Hamilton, Ohio 45013 | CASE NO: C-1-85-0149 |
| and | SPIEGEL, J. |
| **ELISA A. CRAWFORD**<br>7308 Willey Road<br>Hamilton, Ohio 45013 | |
| and | |
| **EDGAR LEE ROE**<br>2871 Bell Road<br>Hamilton, Ohio 45013 | |
| and | |
| **MICHAEL EDWARD DEITRIECH**<br>2871 Bell Road<br>Hamilton, Ohio 45013 | **CLASS ACTION COMPLAINT AND JURY DEMAND** |
| Plaintiffs, | |
| vs. | |
| **NATIONAL LEAD COMPANY**<br>a New Jersey Corporation<br>c/o Statutory Agent<br>C.T. Corporation Systems<br>Carew Tower<br>Cincinnati, Ohio 45202 | |
| Defendant. | |

FILED
KENNETH J. MURPHY
CLERK
JAN 23 1 51 PM '85
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST DIV CINCINNATI

Judge 4912
Mag.
Journal
Motion #
Issue ✓
Card
N/S
Docketed AC

The Plaintiffs, by counsel, complain against the Defendant, National Lead Company, through its subsidiary, National Lead of Ohio, Inc., as follows:

**Federal Jurisdiction and Venue**

1. The Plaintiffs, on behalf of themselves and a class described below, state that they are property owners or licensees of property and residents of the City of Hamilton, County of Hamilton, State of Ohio. The Crawford Plaintiffs have been drinking from a radio-actively contaminated well for the pasts five years.

2. Defendant, National Lead Company, through its subsidiary, National Lead of Ohio, Inc. (NLO), is now and was at all relevant times herein a corporation existing under the laws of the State of New Jersey, having its principal place of business in New York, New York.

3. Defendant, NLO, at all times relevant herein was transacting business within the State of Ohio or had significant contacts, ties or relations with the State of Ohio by acts or omissions, both within and outside the State of Ohio, so as to subject it to the jurisdiction of this Court pursuant to Ohio Revised Code §2307.382. Venue is proper pursuant to 28 U.S.C. §1391(a) because the named Plaintiff resides in the State of Ohio.

4. This Court has jurisdiction based on 28 U.S.C. §1331 inasmuch as liability arising under federal statutes, specifically 42 U.S.C. §2210(e), (n) and (o); 42 U.S.C. §9607; 42 U.S.C. §6972; and 28 U.S.C. §1337(a) are alleged and pursuant to 28 U.S.C. §1332 inasmuch as the Plaintiffs are all residents of Ohio and the Defendant is a New Jersey Corporation with its principal place of business in New York, New York.

5. This Court has jurisdiction on the non-federal claims based upon the doctrines of ancillary and pendent jurisdiction.

**Class Action Allegations**

6. Plaintiffs bring this action pursuant to Rules 23(a) and 23(b)(1)(A); 23(b)(1)(B) and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of a class consisting of all persons, firms or entities, other than the Defendant, who were residents, property owners, business owners or lessees of property from 1979 to the present.

7. Plaintiffs are members of the class they seek to represent.

8. The Class should be divided into the following subclasses:

(A) Class I: persons, firms or entities, other than the Defendant, who reside, own property and/or businesses, or are lessees of property, within a ten mile radious from the NLO Plant in Fernald, Ohio.

(B) Class II: all persons, firms or entities, other than the Defendant, who reside, own property or businesses, or are lessees of property between 5 to 15 miles from the NLO plant in Fernald, Ohio.

9. Plaintiffs believe that because of the number of residents, property owners and business owners or lessees of property in the area around the NLO plant in Fernald, Ohio, the members of the class are so numerous that joinder

of all members is impracticable. While the exact number of class members in unknown to the Plaintiffs at this time, Plaintiffs believe that there are at least 300 members of the class.

10. Common questions of law or fact exist as to all members of the class. Among the questions of law and fact common to the class are:

(A) Whether the Defendant is strictly liable for the defective and unreasonably dangerous condition at the NLO plant in Fernald, Ohio, and the safety system therein;

(B) The causes of the uranium leak at the NLO Plant in Fernald, Ohio;

(C) The foreseeability of the uranium leak and its fiscal impact on the local population and economy;

(D) The financial effect, i. e., types of economic damage, rather than amounts, of the uranium leak;

(E) Whether the Defendant failed to warn the residents, property and business owners or lessees of property, around the NLO plant in Fernald, Ohio, about the dangerous condition of the plant;

(F) What precautions were taken after the first leak at the NLO Plant in Fernald, Ohio;

(G) Whether the Defendant violated and are liable under 42 U.S.C. §§2210(n)(2) or (o) or 2210(b);

(H) Whether the Defendant violated and are liable under 42 U.S.C. §9607(a);

(I) Whether the Defendant violated and are liable under 42 U.S.C. §6972;

(J) Whether the Defendant's operation of the uranium plant at Fernald, Ohio, consitiuted a public or private nuisance;

(K) Whether the Defendant acted willfully, recklessly or with gross negligence in failing to take precautions or warn the class members after the first leak of uranium at the NLO Plant in Fernald, Ohio; and

(L) Whether the members of the class have sustained damages, and if so, what is the proper measure of damages.

11. Plaintiffs' claims and defenses are typical of each class member as all members of the class are residents, property or business owners or lessees of property, near the NLO Plant in Fernald, Ohio, at the time in question.

12. Plaintiffs will fairly and adequately protect the interests of the members of the class. Plaintiff has retained counsel competent and experienced in class, personal injury and property damage litigation to seek

to recover damages from the Defendant in the amount of the dimunition of value to their property, lost income as a result of Defendant's conduct and the amount of cost of response, damage for injury and loss of natural resources, for emotional distress and for potential personal injury.

13. A class pursuant to 23(b)(1)(A) is appropriate because the prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class since in addition to monetary damages, Plaintiff's class is seeking to establish the rights and duties of National Lead of Ohio with respect to the various federal statutes dealing with the clean-up of the uranium leak.

14. A class pursuant to 23(b)(1)(B) is appropriate, because of the number of property and business owners who were injured and the cost of response and damages to environment are so great that a risk exists of a limited fund of the Defendant's assets. Thus, such a class is appropriate in order to avoid adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications.

15. A class pursuant to 23(b)(2) is appropriate because the Defendant has acted or refused to act on grounds generally applicable to this class; thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. This is demonstrated by the Defendant's continued operation of the uranium processing plant after the first leak of uranium thereby maintaining a private nuisance on its property entitling the Plaintiff class to have either the nuisance abated or damages for the diminution of value of their property plus restoration and clean-up on their property.

FIRST CAUSE OF ACTION

NEGLIGENCE

16. The Plaintiff incorporates paragraphs 1 through 15 by reference.

17. At all relevant times, the Defendant, NLO, operated a uranium processing plant at Fernald, Ohio.

18. The Defendant knew or should have known that failure to properly control and contain the uranium within the confines of the plant would result in damage to both persons and property surrounding the plant. In fact, almost 200,000 pounds of uranium dust has leaked out of the plant.

19. On or about December 10, 1984, a massive leak of uranium occurred at the Fernald Plant.

20. The leak was proximately caused by the following negligent acts or omissions, among others, of National Lead of Ohio:

(A) Once the first leak of uranium occurred, NLO was negligent in determining where and how it occurred and correcting the problem to prevent further leakage.

(B) NLO negligently failed to warn the citizens of the surrounding communities about the dangers of an uranium leak.

(C) NLO negligently failed to install early warning systems to detect an uranium leak or in the alternative, negligently failed to act once the leak was discovered.

(D) NLO, through negligent and improper management, failed inform its employees as to what safeguards apply in the event of an uranium leak.

21. As a direct and proximate result of the above negligence, the Plaintiff class have been damaged. Said damage includes, but is not limited to, property damage, dimunition of value to real estate, loss of income and contamination of well water and ground water, emotional distress and potential personal injuries.

22. As a proximate result of the above negligent acts or omissions, the Plaintiff and members of the class

were damaged in the amount of One Hundred Million Dollars ($100,000,000.00).

SECOND CAUSE OF ACTION

ABSOLUTE OR STRICT LIABILITY

23. The Plaintiffs incorporate paragraphs 1 through 22 by reference.

24. The collection and processing of uranium is an abnormally dangerous activity or ultrahazardous activity, i. e., one which necessarily involves a risk of serious harm to the person, land or chattles of others which cannot be eliminated by the exercise of the utmost care and is not a matter of common usage.

25. The Defendant, NLO, is thus, strictly liable to the Plaintiffs and the members of the class for all damages which result from collection and processing of uranium.

26. As a direct and proximate result of the uranium leaks, Plaintiffs and the class have been damaged as aforementioned.

27. As a direct and proximate result of the uranium leaks, the Plaintiffs and members of the class were damaged in the amount of One Hundred Million Dollars ($100,000,000.00).

THIRD CAUSE OF ACTION

PRIVATE NUISANCE

28. Plaintiffs incorporate paragraphs 1 through 27 by reference.

29. The Defendant, NLO, interfered unreasonably with the use and enjoyment of the property of the class by collecting and processing uranium at the Fernald plant.

30. As a direct and proximate result of the Defendant, NLO, maintaining a private nuisance, Plaintiff class is seeking a temporary and permanent injunction prohibiting further processing of uranium at the Fernald plant, or in the alternative, to compensate the Plaintiff class for the diminution of value to the class members property and for restoration of the property to the pre-leak condition as a result of maintaining the nuisance.

FOURTH CAUSE OF ACTION

WILLFUL AND WANTON CONDUCT

31. The Plaintiffs incorporate paragraphs 1 through 30 by reference.

32. The foregoing acts and omissions of the Defendant were willful, wanton and grossly negligent and caused directly and proximately, the injuries to the Plaintiff class as aforementioned, all to which the Plaintiff class has been damaged in the amount of Two Hundred Million Dollars ($200,000,000.00) punitive damages, plus reasonable attorneys fees and expenses.

FIFTH CAUSE OF ACTION

VIOLATION OF 42 U.S.C. §2210(n)(2) & (o)

33. The Plaintiffs incorporate paragraphs 1 through 32 by reference.

34. The Defendant, NLO, by collecting and processing uranium is in the development, use and control of atomic energy and as such is a licensee as defined by 42 U.S.C. §2210(a).

35. The uranium leak was an extraordinary nuclear occurrence as defined by 42 U.S.C. §2014(j) in that it caused a discharge or a dispersal of source, special nuclear or by-product material from its intended place of confinement in amounts offsite, or causing radiation levels offsite which the Commission will determine to be substantial and which the Commission will determine has resulted or will probably result in substantial damages to persons or property offsite.

36. In the alternative, the uranium leak was a nuclear incident as defined by 42 U.S.C. §2014(q) in that it was an occurrence within the United States causing bodily injury, sickness, disease, or death or loss of or damage to property or loss of use of property, arising out of or resulting from the radioactive toxic properties of source, special nuclear or by-product material.

37. As such, the nuclear incident or extraordinary nuclear occurrence, the public liability may exceed the

limit of liability mandated by the act as defined in 42 U.S.C. §2210(a).

38. Pursuant to 42 U.S.C. §9607 the Plaintiffs are contemporaneously providing notice to NLO of their claims.

39. As a direct and proximate result of the nuclear incident at the Defendant's plant in Fernald, Ohio, the Plaintiff class has suffered damages as aforementioned.

40. As a direct and proximate result of the nuclear incident, Plaintiff and members of the class were damaged in the amount of One Hundred Million Dollars ($100,000,000.00).

WHEREFORE, the Plaintiffs pray, with regard to the First, Second and Fifth Causes of Action, that the Court declare a class and for entry of judgment against the Defendant in the amount of One Hundred Million Dollars ($100,000,000.00).

WHEREFORE, with regard to the Third cause of Action, Plaintiffs pray for the entry of a temporary and permanent injunction against the Defendant.

WHEREFORE, with regard to the Fourth Cause of Action, Plaintiffs pray for Two Hundred Million Dollars ($200,000,000.00) in punitive damages together with costs and attorneys fees.

WAITE, SCHNEIDER, BAYLESS
& CHESLEY CO., L.P.A.

By: ______________________
Stanley M. Chesley
1513 Central trust tower
Cincinnati, OH 45202
(513) 621-0267

IVAN L. TAMARKIN

By: ______________________
Ivan L. Tamarkin
105 E. 4th Street, Suite 1400
Cincinnati, OH 45202
(513) 721-5151

JURY DEMAND

With the filing of this complaint, Plaintiffs herein demand a trial by jury.

______________________
Stanley M. Chelsey